UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XPAL POWER, INC.; | ) |
| *Plaintiff,* | ) ) ) Case No. |
| v. | ) ) JURY TRIAL DEMANDED |
| SKIVA TECHNOLOGIES, INC. | ) ) |
| *Defendant.* | ) |

## COMPLAINT

XPAL Power, Incorporated ("XPAL" or "Plaintiff") files this Complaint against defendant Skiva Technologies, Incorporated ("Defendant"), and alleges as follows:

### Nature of the Action

1. This is an action for infringement of XPAL's U.S. trademark rights in its federally-registered PowerSkin mark in violation of 15 U.S.C. §1114, federal unfair competition in violation of 15 U.S.C. §1125(a), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*).

### Parties

2. XPAL is a California corporation with a principal place of business at 1621 Alton Parkway, Suite 150, Irvine, California 92606.

3. Upon information and belief, Defendant is a Texas company with a primary place of business at 8330 Sterling Street, Irving, Texas 75063.

**Jurisdiction and Venue**

4. This action arises, in part, under the U.S. Lanham Act, Title 15, United States Code 35 U.S.C. § 1051, et seq. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and jurisdiction over the related ancillary claims under §1367.

5. This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred (and continues to occur) in this District, and upon information and belief, Defendant continues to offer goods for sale within this District that infringe XPAL's federally registered PowerSkin mark, and to sell products marketed and designed to cause confusion with the nearly identical competing products of Plaintiff.

6. Venue is proper under 28 U.S.C. § 1391(b) and (c).

**Plaintiff' Mobile Accessory Products and Rights Relevant to the Instant Claims**

7. XPAL is a leading provider of mobile device accessories, which it distributes throughout the world and to the U.S. consumer marketplace through various distributors and directly through websites such as www.power-skin.com. XPAL has become well-known for selling cutting-edge battery pack technology – particularly to serve the growing mobile device space. Many of these devices are sold in connection with XPAL's PowerSkin mark.

8. For example, attached as **Exhibit A** is an advertisement on Amazon.com for a "PowerSkin PoP'n 3 Attachable Battery Pack for iPhone" sold by XPAL. This device is used as a protective cover and back-up battery (fuel cell system) for the APPLE® iPhone.

9. In addition to its common law rights acquired through its consistent and considerable use of the PowerSkin mark in connection with the sale of battery cases for mobile

devices, XPAL holds all right, title and interest in and to the below-identified U.S. Trademark Registrations, copies of which are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

| U.S. Registration No. | Mark | Designated Goods |
|---|---|---|
| 3,446,430 | PowerSkin (standard characters) | Fuel cell systems, namely, fuel cell stacks, planar fuel cell arrays, fuel processors, fuel reformers, fuel storage containers, power controllers, power inverters, and energy storage devices, namely, batteries |
| 4,333,088 | PowerSkin (stylized) | Protective covers and cases for cell phones; Protective covers and cases for personal digital assistants; Computer bags |

10. The '430 Registration is now incontestable, as identified by the Acknowledgement of Incontestability attached to that registration in Exhibit B.

### Defendant's Infringing Acts

11. According to its website www.skivatech.com/about-us/, Defendant was formed in 2011.

12. Defendant offers a variety of consumer electronic products through its website and on-line retailers such as Amazon.com. These products include battery cases for use with mobile phones, many of which are offered by Defendant under the PowerSkin mark.

13. For example, attached as **Exhibit D** is an advertisement on Amazon.com for a "Skiva PowerSkin 2000mAh iPhone 5s Protective Rechargeable Battery Case." Upon information and belief, this device would be used as a back-up battery (fuel cell system) for the APPLE® iPhone, and also would serve as a protective cover for that device.

14. XPAL's device in Exhibit A directly competes with Defendant's device in Exhibit D, and both devices are marketed and sold through the same channels of trade and directed toward the same customers.

15. In addition to the use of the PowerSkin mark, Defendant interchangeably uses the mark EnergySkin in association with the same products, as shown from the printout of Defendant's website in **Exhibit E**. Indeed, XPAL has learned that Skiva has applied to the U.S. Patent and Trademark Office to register the mark EnergySkin for use with battery packs and cases for mobile phones. This application, which has been designated 86/526,379, has been allowed, and the window to oppose the application closed before XPAL became aware of it.

16. The EnergySkin mark is highly similar to the PowerSkin mark, as is evidenced by the way Defendant uses the marks interchangeably in association with the same goods.

17. Upon learning of Defendant's use of XPAL's PowerSkin mark, and its use of the confusingly similar EnergySkin mark, on competing products designated in XPAL's federal and incontestable Registrations, XPAL sent Skiva a letter demanding that it cease use of the marks. The letter was sent via Federal Express, and was signed for by a P. Shahi at Defendant's address in Texas on July 9, 2015. A true and accurate copy of the letter, together with Federal Express tracking verification, is attached as **Exhibit F**.

18. Defendant has failed to respond to XPAL's letter, and has continued its infringing use of the PowerSkin and EnergySkin marks.

19. Upon information and belief, Defendant has intentionally misappropriated XPAL's trademarks in an attempt to borrow off of the goodwill established by XPAL in the marketplace, and to gain a foothold and increase sales based on the notoriety of XPAL's PowerSkin mark.

## CAUSES OF ACTION

### COUNT I
### Federal Trademark Infringement under 15 U.S.C. §1114(1)(a)

20. Plaintiff re-alleges and incorporates herein paragraphs 1 through 19 of this Complaint.

21. Plaintiff is the owner of all right, title and interest in and to the U.S. trademark Registrations identified in Paragraph 9 above.

22. Defendant had at least constructive knowledge pursuant to 15 U.S.C. §1072 of Plaintiff' rights in the PowerSkin mark in association with charging devices and protective cases for cell phones at all times during Defendant's use of that mark, and the confusingly similar EnergySkin mark, in association with competing charging devices / protective cases, without Plaintiff's permission.

23. Defendant also had actual knowledge of Plaintiff's registrations at least as early as July 9, 2015, yet continued to use the PowerSkin and EnergySkin marks.

24. Defendant, thus, has deliberately and willfully used Plaintiff's federally registered PowerSkin trademark, and similar variations thereof, in association with products directly within the designation of Plaintiff's federal Registrations in an attempt to trade upon and/or diminish the widespread goodwill, reputation and selling power established by Plaintiff under their PowerSkin mark, and to pass Defendant's products off as those of Plaintiff.

25. Plaintiff has not consented to Defendant's use of Plaintiff's trademark rights covered by its PowerSkin Registrations.

26. Defendant's unauthorized use of Plaintiff' PowerSkin trademark for use with the sale of battery charging devices is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff in violation of 15 U.S.C. §1114.

27. The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiff in the nature of statutory damages, Defendant's profits, Plaintiff's actual damages and recovery of costs, pursuant to 15 U.S.C. §1117(a).

28. The fact that Defendant has used and is using a directly identical, counterfeit PowerSkin mark entitles Plaintiff to treble damages, statutory damages, and attorney's fees pursuant to 15 U.S.C. §1117(b) and (c).

29. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

## COUNT II
### Federal Unfair Competition (15 U.S.C. §1125(a))

30. Plaintiff re-alleges and incorporates herein paragraphs 1 through 29 of this Complaint.

31. Upon information and belief, Defendant has deliberately and willfully attempted to borrow off of the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiff in connection with its mobile charging products in the United States, at least through the use of marks incorporating the terms PowerSkin and EnergySkin in association with charging devices and accessories for mobile phones.

32. Upon information and belief, Defendant's actions in this regard are in an attempt to confuse consumers as to the origin and/or sponsorship of Defendant's products.

33. Defendant's unauthorized and tortuous conduct has deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of Plaintiff's goods marketed

6

under its PowerSkin trademark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

34. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's products with Plaintiff's products, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

35. The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiff in the nature of statutory damages, Defendant's profits, Plaintiff's actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. §1117.

36. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

## COUNT III
### Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)

37. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 of this Complaint.

38. At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect.

39. Defendant's willful and unauthorized use of Plaintiff's PowerSkin mark and the confusingly similar EnergySkin mark with products that directly compete with, and are sold through the same channels as, Plaintiff's products has caused and, unless enjoined by this Court,

will continue to cause, a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of Defendant's products.

40. Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2), as a result of which Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

41. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial.

42. Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendant from its unauthorized use of Plaintiff's intellectual property in violation of the Illinois Uniform Deceptive Trade Practices Act.

43. Defendant's willful conduct entitles Plaintiff to a recovery of its attorney fees.

## COUNT IV
**Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505)**

44. Plaintiff re-alleges and incorporates herein paragraphs 1 through 43 of this Complaint.

45. At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect.

46. Defendant's willful and unauthorized use of Plaintiff's PowerSkin mark, and the confusingly similar EnergySkin mark, has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of Defendant's product.

47. Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and as a result, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

48. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial, which is recoverable pursuant to 815 ILCS 505/10a.

49. Plaintiff is entitled to entry of permanent injunctive relief enjoining the sale of Defendant's products sold under the PowerSkin and EnergySkin marks in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

50. Defendant's willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant on each Count herein, and grant relief as follows:

A. Permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

        a.    using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods under or in connection with the PowerSkin or EnergySkin marks, or marks confusingly similar therewith; and

        b.    doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiff's business, or that is likely to injure or damage Plaintiff's rights in its PowerSkin mark or the associated goodwill;

    B.    Requiring that Defendant be ordered to recall from the channels of United States trade all products, packaging, advertising and promotional material sold or distributed by Defendant or its affiliates sold under, or using the PowerSkin mark, or the confusingly similar EnergySkin mark, pursuant to 15 U.S.C. §1116(d);

    C.    Requiring Defendant to reimburse Plaintiff for all damages Plaintiff has suffered by reason of Defendant's acts of infringement and unfair competition, to account for and pay to Plaintiff all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions and its use of a counterfeit of Plaintiff's registered trademark, to remit to Plaintiff treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law);

    D.    Finding that this case constitutes an exceptional case pursuant to 15 U.S.C. §1117, and awarding Plaintiff its reasonable attorneys' fees and disbursements incurred in bringing this action;

    E.    Requiring that the Defendant reimburse Plaintiff for all disbursements and costs incurred in bringing this action;

F.	Requiring that Defendant deliver and destroy all advertisements, brochures, promotional prints, and sales sheets in its possession or control within the United States that use the PowerSkin or EnergySkin marks, pursuant to 15 U.S.C. §1118, and immediately cease use of and delete any Internet advertisements featuring said marks, such as that shown in Exhibit D, or direct email solicitations featuring said marks;

G.	Requiring Defendant to expressly abandon its U.S. trademark application 86/526,379 for the mark EnergySkin, and to permanently enjoin Defendant from seeking rights in any such mark that is confusingly similar with Plaintiff's federally registered PowerSkin mark for similar goods; and

H.	Awarding Plaintiff such other and further relief as this Court may deem equitable.

Dated: August 26, 2015

Respectfully Submitted,

  /s/ Bradley F. Rademaker
Bradley F. Rademaker
Mike R. Turner
Kevin J. Cukierski
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
Tel:  (312) 269-8000
brademaker@ngelaw.com
mturner@ngelaw.com
kcukierski@ngelaw.com

**Attorneys for Plaintiff**
**XPAL POWER, INCORPORATED**